UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO 12-cv-60931-KAM


Fraserside IP LLC, an Iowa Limited Liability Company,

        Plaintiff

vs.

Igor Kovalchuk aka Vince, dba DrTuber.com and
ERA Technologies Ltd. and Extron Worldwide Corporation
and www.drtuber.com and
and DOES 1-10 inclusive and
DOE COMPANIES 1-100 inclusive

        Defendants

---

## **PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**

Plaintiff Fraserside IP LLC, by and through its counsel, hereby moves the Court, respectfully requesting permission to serve the Defendants Igor Kovalchuk, d/b/a drtuber.com and www.drtuber.com, ERA Technologies Ltd. and Extron Worldwide Corporation by alternate means.

In view of the fact that Defendant Kovalchuk and Defendant ERA Technologies, Ltd. are located outside the United States, and that Defendant Extron is possibly no longer active, or has been dissolved as a corporation, Plaintiff respectfully requests that the Court enter an order permitting service on Defendants' DMCA agent or upon their current counsel. Such service is not only reasonable but likely the only way to get through to an otherwise evasive entity.

Service on Defendants' DMCA agent is reasonably calculated to apprise Defendants of a copyright infringement action.

The Due Process Clause of the Fourteenth Amendment requires only that the method of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  *See Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

Under the Digital Millennium Copyright Act, internet service providers ("ISPs") may limit their liability for infringement by complying with a myriad of requirements.  The ISP must comply with all requirements in order to be protected under the Safe Harbor provisions of the Act.  One requirement is the designation of an agent (a "DMCA Agent" in general parlance) "to receive notifications of claimed infringement."  The name, address, phone number and email address of the DMCA Agent must be located on its website in a location accessible to the public, and provided to the Copyright Office. 17 U.S.C. § 512(c)(2).

The DMCA Agent designated on the DrTuber website is Constantin Luchian.  As a DMCA Agent, Lucian is charged under the statute to receive claims of infringement against the website, and (presumably) forward those claims to the website owners and operators.  The DMCA Agent's entire purpose is to be a conduit for claims of intellectual property infringement against the website.  Here, the complaint, with claims of infringement by the website, was served on Luchian.  Presumably, if he has the means to forward "claims" of infringement, he also has the means to forward "complaints" alleging infringement.  Both are claims of infringement, both are legal notices, and both should be forwarded on to the owner of the website for action.  As Luchian's legal duty as DMCA Agent is to receive and transmit infringement claims to Defendants, service on him is notice reasonably calculated to apprise Defendants of the

complaint filed in this action.  While no cases appear to exist where a DMCA Agent was served with process, courts hold generally that service on an agent of a foreign corporation is proper as long as the agent is so related to the foreign corporation that it may be justly inferred that the foreign corporation will have notice of the action.  *Fonar Corp. v. Tariq Contracting, Inc.,* 885 F. Supp. 56, 61 (E.D.N.Y. 1995).  Here, Luchian is the appointed agent of Defendants for claims of copyright infringement, and service of this copyright infringement complaint on him should be approved.

The appropriate standard for determining adequacy of service is whether the means of service employed is reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections. *Mullane*., 339 U.S. at 314.  In acknowledgement of this, the Federal Rules of Civil Procedure, Rule 4(f)(3) permits a court to order service on a foreign defendant by any "means not prohibited by international agreement."  "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one means among several which enables service of process on an international defendant." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1013-1017, (9th Cir. 2002); See also *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010) cert. denied, 131 S. Ct. 3091, 180 L. Ed. 2d 912 (U.S. 2011).

The Court has discretion to determine what alternative means of service are appropriate in a particular case.  *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011), citing *Rio Props., Inc.*, 284 F.3d at 1016.  Courts have permitted alternative service of process through various means, including by e-mail and/or service on local counsel. *Id.*  Methods such as service by email, international mail, Federal Express, and service on the defendant's known counsel have all been approved by the courts as acceptable means of service

under Rule 4(f)(3).  *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 691 (S.D. Fla. 2010), citing *Mainstream Media, EC v. v. Riven*, 2009 WL 2157641, 3 (N.D.Cal. July 17, 2009) (noting that the court had, in an earlier order, directed service via email, international mail, and Federal Express); *Marlabs, Inc. v. Jakher*, 2010 WL 1644041, 4 (D.N.J. Apr.22, 2010) (authorizing service under Rule 4(f)(3) through defendant's attorney); and *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, 3 (S.D.Fla. Apr.29, 2010) (authorizing service via email).   Alternate service has even been approved by posting on a defendant's Facebook social networking profile page.  *See Project Honey Pot, et al. v. Andrey Chernuk, et al.*, E.D. Va. Case No. 1:1l-cv-0015, doc. no. 27 at 2.

Plaintiff therefore requests that this Court enter an order permitting service on Defendants' DMCA agent or upon their prior (and current) counsel.  In light of the vacant Panama address and mailbox Tortola address,[1] such service is not only reasonable but also likely the only way to get through to an otherwise evasive entity.  As set forth below, both of these methods of service comport with due process as they are reasonably calculated to give Defendants notice of the proceeding.  Further, given Defendants' efforts to otherwise avoid service of process, these efforts at service of process should be permitted under Rule 4(f)(3), Fed. R. Civ. P.

The Defendants are represented by John Bradley, and Valentin Gurvits and Evan Fray-Witzer, *pro hac vice*.  John Bradley filed his Notice of Appearance (Doc 9) "for all Defendants" on July 27, 2012.  Attorneys Valentin Gurvits and Evan Fray-Witzer, granted permission to appear *pro hac vice*, are both very well aware of the Complaint, as is Mr. Bradley, having been secured as local counsel for the Gurvits-Witzer team.

---

[1] *See* Exhibit A (Doc Nos. 13-1) and Exhibit B (Doc. No. 13-2) to Plaintiff's Show Cause Response (Doc. No. 13) submitted contemporaneously with the instant Motion.

In light of the fact that service of process upon the Defendants is not likely to take place, having all three attorneys served personally and by e-mail and/or certified mail, and the Defendants, and each of them, served by e-mail, accordingly, would fall within the discretion of this Court to allow, and would suffice for the purposes of justice. The Defendants are intellectual property scofflaws, and have availed themselves of the privilege of doing business in the United States by both catering to and seeking out the United States market. Defendants have also consciously and intentionally evaded service of process in this and other U.S. cases against them, requiring extraordinary measures, motions, and court time before answering claims.

The Court should not permit these Defendants to further evade service by giving false addresses, undeliverable mail box drops and instructing agents and attorneys not to forward to defendants any complaints received.

Defendant Kovalchuk is a citizen and resident of Russia and no specific location of residence within that country for Defendant Kovalchuk is known to Plaintiff. Likewise, Defendant ERA Technologies, Ltd. has an address of at RG Hodge Plaza Wickhams Cay Road Town, Tortola, Virgin Islands.

This is not the first time these defendants have been sued for infringement of intellectual property. *See Fraserside IP L.L.C. v. Kovalchuk, et al.*, Case No. 11-03040, filed in U.S. District Court for the Northern District of Iowa; and *Cybernet Entertainment LLC v. Kovalchuk, et al.*, Case No. 12-cv-60660 (hereinafter, the "*Cybernet* case"), filed in U.S. District Court for the Southern District of Florida. In the instant matter, as well as the two above-referenced cases, Plaintiff has been diligent in efforts to serve the Defendants in the traditional manner, attempting service at the location listed for the drtuber.com domain owners.

Defendant Kovalchuk minimalizes his relationship with ERA Technologies, Ltd. by claiming that ERA is the owner and operator of the website www.drtuber.com, and that all he does for ERA is to "manage technology for ERA Technologies," and, thus, disclaims any relationship to the drtuber.com website.  However, Plaintiff's research indicates otherwise.  In an attachment to the Complaint in the *Cybernet* case, as in this action (*see* Doc. No. 1-3), the March 2012 DomainTools WHOIS webpage information for DrTuber.com clearly lists Igor Kovalchuk as the Registrant, the Administrative Contact, and the Technical Contact for ERA Technologies, Ltd.  Plaintiff's information and belief is that Defendant Kovalchuk owns and operates the website www.drtuber.com as an alter ego, using a shell corporation with the business address of Defendant ERA Technologies, Ltd., at RG Hodge Plaza Wickhams Cay Road Town, Tortola, Virgin Islands.

Defendant Kovalchuk claims that he does not "own" drtuber.com but he evades the question of whether or not he owns the entity that owns drtuber.com; a matter of semantics, which Plaintiff is striving to clarify. However many layers are between Kovalchuk, ERA, and Extron, which is incorporated in Panama and which Plaintiff is informed by Kovalchuk is no longer a functioning company, and drtuber.com, they appear to be under common control and ownership. Neither Defendant Kovalchuk nor Defendant ERA were actually located at the Tortola address which turned out to be a mailbox office at a business center, and in the Cybernet case, which filing predates the instant case, when a process server went to Panama to serve Defendant Extron Worldwide, it was discovered that the address located for that company was a vacant building.

In light of the extent of the evasion of service at which Defendants are adept, Plaintiff therefore respectfully requests that the Court enter an order permitting alternate service upon Defendants in a manner acceptable under the circumstances.

DATED:  November 1, 2012                    Respectfully submitted,

                                           RANDAZZA LEGAL GROUP
                                           2 S. Biscayne Blvd, Suite 2600
                                           Miami, FL 33131
                                           Telephone (888) 667-1113
                                           Facsimile: (305) 397-2772

                                            *s/ Jason A. Fisher*
                                           Marc J. Randazza
                                           mjr@randazza.com
                                           Jason A. Fisher (68762)
                                           jaf@randazza.com

                                            *s/ Chad Belville*
                                           Chad Belville, Attorney at Law
                                           *Pro Hac Vice*
                                           4742 North 24th Street, Suite 315
                                           Phoenix, AZ 85016

                                           MAILING ADDRESS:
                                           P.O. Box 17879
                                           Phoenix, AZ 85011

                                           Telephone:  602-904-5485
                                           FAX:  602-297-6953
                                           E-mail cbelville@azbar.org

                                           ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 1st day of November, 2012, a true and correct copy of the foregoing was served on all counsel or parties of record on the Service List below by the means indicated for each.

*s/ Jason A. Fischer*

## SERVICE LIST

By Filing with the Court's CM/ECF System, which provides notice to:

| | | |
|---|---|---|
| c/o Evan Fray-Witzer | c/o Valentin Gurvits | c/o John Francis Bradley |
| Law Office of Fray-Witzer | Boston Law Group, PC | Bradley Legal Group, P.A. |
| 20 Park Plaza, Suite 804 | 825 Beacon Street, Suite 20 | 15 Northeast 13 Avenue |
| Boston, MA 02116 | Newton Centre, MA 02459 | Fort Lauderdale, FL 33301 |
| Tel: 617-723-5630 | Tel: 617-928-1804 | Tel: 954-523-6160 |
| Email: | Email: | Fax: 523-6190 |
| Evan@Fray-Witzer.com | vgurvits@bostonlawgroup.com | Email: |
| | | jb@musiclawattorney.com |

Attorneys of record for Defendants Igor Kovalchuk a/k/a "Vince," d/b/a DrTuber.com; ERA Technologies Ltd.; and Extron Worldwide Corporation