# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 12-60931-CIV-SCOLA/OTAZO-REYES

FRASERSIDE IP LLC, an Iowa Limited Liability Company,

      Plaintiff,

vs.

IGOR KOVALCHUK a/k/a "Vince," d/b/a
DrTuber.com, ERA TECHNOLOGIES LTD.,
EXTRON WORLDWIDE CORPORATION,
and JOHN DOES 1-100,

      Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR ALTERNATE SERVICE AND MOTION FOR ENLARGEMENT OF TIME FOR SERVICE

      THIS CAUSE came before the Court upon Plaintiff Fraserside IP LLC's ("Plaintiff")

Motion for Alternate Service [D.E. 14] and Motion for Enlargement of Time for Service [D.E.

15].[1]   These motions were referred to the undersigned pursuant to 28 U.S.C. § 636 by the

Honorable Robert N. Scola, Jr., United States District Judge [D.E. 23].  For the reasons stated

below, the undersigned DENIES WITHOUT PREJUDICE the Motion for Alternate Service as to

Igor Kovalchuk ("Kovalchuk") and Extron Worldwide Corporation ("Extron") and DENIES it

AS MOOT as to ERA Technologies Ltd. ("ERA Technologies"); and GRANTS the Motion for

Enlargement of Time for Service as to Kovalchuk and Extron and DENIES it AS MOOT as to

ERA Technologies.

## I.  BACKGROUND

      Plaintiff filed this action on May 16, 2012 for alleged copyright infringement by the

www.DrTuber.com website [D.E. 1].  On October 12, 2012, District Court Judge Robert N.

_____

[1] Plaintiff's Motion for Enlargement of Time for Service is part of D.E. 13 but was docketed as D.E. 15.

Scola, Jr. issued an Order to Show Cause for Failure to Comply with Federal Rule of Civil Procedure 4(m) [D.E. 12]. Therein, Judge Scola ordered Plaintiff to either perfect service upon Defendants or to show good cause why service had not been perfected, within twenty days from the date of entry of his Order.

Plaintiff responded on November 1, 2012 with a request for additional time within which to effectuate service of process on Kovalchuk, Extron and ERA Technologies because they are located outside of the United States. See Show Cause Response [D.E. 13 at 4]. According to Plaintiff, Kovalchuk is a citizen and resident of Russia, but Plaintiff has no address for him there, ERA Technologies is located in Tortola, Virgin Islands and Extron has an address in Panama. See Id. at 2. Plaintiff further states that in an earlier action filed in the District of Iowa ("Iowa case"), it attempted to serve Kovalchuk and ERA Technologies at the address listed for the www.DrTuber.com domain owners in Tortola, Virgin Islands. Id. at 3.[2] Plaintiff explains, however, that neither Kovalchuk nor ERA Technologies "were actually located at the Tortola address which turned out to be a mailbox office at a business center." Id. With respect to Extron, Plaintiff states that when a process server went to Panama to serve Extron with the complaint for Cybernet Entertainment, LLC v. Kovalchuk, et. al, Case No. 12-60660-CIV-RNS, which is also pending before Judge Scola and involves the same Defendants, "it was discovered that the address located for that company was a vacant building." Id. at 3-4. Based on these representations, Plaintiff requested an extension of ninety days to attempt to effectuate service on Defendants, either conventionally or by alternate means. See Id. at 4.

In furtherance of this request, Plaintiff also filed its Motion for Alternate Service on November 1, 2012. Therein, Plaintiff seeks permission to effectuate service on Defendants via

---

[2] Fraserside v. Kovalchuk, et. al, Case No. C11-3040-MWB, was a trademark infringement lawsuit which also involved Plaintiff's counsel and Defendants' counsel Valentin Gurvits ("Gurvits"). That case was dismissed lack of personal jurisdiction.

DrTuber's DMCA agent, directly on Defendants by email and on Defendants' counsel, personally and by email and/or certified mail, pursuant to Federal Rule of Civil Procedure 4(f)(3).[3]

On December 20, 2012, Plaintiff filed a Proof of Service upon ERA Technologies [D.E. 22]. The Proof of Service purports to comply with the Hague Convention. See Proof of Service [D.E. 22-1 at 1]. On January 22, 2013, Plaintiff filed a Motion for Clerk's Entry of Default as to ERA Technologies [D.E. 24]. However, on January 23, 2013, ERA Technologies filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction [D.E. 26].

## II. PRELIMINARY MATTERS

The recent filing of the Proof of Service as to ERA Technologies and ERA Technologies' Motion to Dismiss for lack of personal jurisdiction moot the Motion for Alternate Service and Motion for Enlargement of Time for Service as to that Defendant. Accordingly, the Court will consider the Motion for Alternate Service and the Motion for Enlargement of Time for Service only as to Extron and Kovalchuk.

## III. DISCUSSION

Federal Rule of Civil Procedure 4(f)(3) provides that an individual in a foreign country may be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(h)(2) allows a corporation to be served outside the United States "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla.2011). An alternate form of service must be reasonably calculated to give notice to the defendants

---

[3] The DMCA is the Digital Millennium Copyright Act, 17 U.S.C. § 512. The DMCA allows online service providers to designate an agent to receive notifications of claimed infringement, known as "takedown notices," as described in the statute. See 17 U.S.C. § 512(c)(2).

consistent with their constitutional due process rights. See Brookshire Bros. v. Chiquita Brands Int'l, Inc., 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries, 353 F.3d 916, 921, 927 (11th Cir.2003)).  The decision to issue an order permitting alternate means of service lies within the discretion of the court. See, e.g., Chanel, Inc. v. Lin, No. 08–23490–CIV, 2009 WL 1034627, at *1–2 (S.D. Fla. Apr.16, 2009).

Plaintiff argues that successful service by conventional means is unlikely as Defendants "evade service by giving false addresses, undeliverable mail box drops and instructing agents and attorneys not to forward defendants any complaints received." Motion for Alternate Service [D.E. 14 at 5].  However, Plaintiff has not proffered any evidence of evasion on the part of Defendants.  All that Plaintiff has shown is that the Tortola address was a business center and that the Panama address was vacant. Plaintiff further argues that ERA Technologies, Extron, and www.DrTuber.com are all under common control and ownership. See Id. at 6.  Plaintiff claims that Kovalchuk owns and operates www.drtuber.com as an alter ego, using a shell corporation and the business address of ERA Technologies. Id.  In support of this contention, Plaintiff has submitted a "Domain Name Search" stating that Kovalchuk, through ERA Technologies, is the registrant and the administrative, technical and billing contact for DrTuber.com. See Complaint [D.E. 1-3 at 2].  However, Plaintiff also concedes that Kovalchuk claims that he is listed as the contact for Dr.Tuber.com because he manages ERA Technologies. Further, Plaintiff does not explain Extron's association with ERA Technologies and Kovalchuk.

### A. Service of process on a DMCA Agent

As an initial matter, even if the Court were to accept Plaintiff's theory that all Defendants are essentially the same party, service on a DMCA agent is not sufficient for service of process. Constantine Luchian ("Luchian") is the registered DMCA agent for Dr.Tuber.com. See Motion for Alternate Service [D.E. 14 at 2]. However, Luchian's duties as DMCA agent are limited to "receiv[ing] notifications of claimed infringement described in paragraph (3)." 17 U.S.C. § 512(c)(2). Thus, the DMCA agent is appointed for a specific purpose under the DMCA and the statute does not provide that the agent is designated to accept service of civil complaints.

Plaintiff concedes that it cannot cite to any case law in which a DMCA agent was properly served with process. See Motion for Alternate Service [D.E. 14 at 3]. Moreover, agents appointed for notification purposes under other laws have been found not to be agents for service of process. See, e.g., E. & J. Gallo Winery v. Cantine Rallo, S.p.A., 430 F. Supp. 2d 1064, 1083 (E.D. Cal. 2005) (finding that service upon an agent designated to accept service under the Trademark Act did not constitute valid service of process for purposes of litigation in federal district court); Outboard Marine Corp. v. Chantiers Beneteau, 687 F. Supp. 366 (N.D. Ill. 1988) (finding insufficient service of a civil complaint on the defendant's agent for service of patent proceedings). Therefore, even if Luchian were somehow to be construed as an agent for all Defendants, Luchian is not designated to accept service of process for this action.

### B. Service on Defendants' Attorneys

Plaintiff also seeks to effectuate service by alternate means through all three of Defendants' attorneys, Gurvits, Evan Fray-Witzer and John Bradley. While service on a defendant's prior counsel is a permissible form of service under Federal Rule of Civil Procedure 4(f)(3), Plaintiff has not sufficiently demonstrated that it could not perfect service on Kovalchuk

and Extron through the proper channels and that its proposed alternate means is not contrary to international agreements. See U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 621 (S.D. Fla. 2011) (allowing alternate service via email and defendants' local counsel after multiple failed attempts at serving defendants and diligently trying to locate defendants using, among other methods, a computer forensics investigator to trace an email account and multiple requests to defendants' counsel); see also Fed. R. Civ. P 4(f)(3).

 **i.**  **Service on Kovalchuk**

 Plaintiff states that when it attempted to serve Kovalchuk in the Iowa case at the Tortola address, the address turned out to be a post office box. See Motion for Alternate Service [D.E. 14 at 6]; Return of Service from Prior Action [D.E. 13-2 at 1]. However Plaintiff acknowledges that Kovalchuk is a citizen and resident of Russia. See Motion for Alternate Service [D.E. 14 at 5].

 Though Russia is a signatory to the Hague Service Convention, 20 U.S.T 361, it "unilaterally suspended all judicial cooperation with the United States in civil and commercial matters. The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention." U.S. Dep't of State, Russia Judicial Assistance, http://travel.state.gov/law/judicial/judicial_3831.html (last visited Feb. 4, 2013). Because of this refusal to cooperate under Hague Convention protocols, courts have specifically used Rule 4(f)(3) as a vehicle for alternate service on Russian defendants. See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1239 (Fed. Cir. 2010); Arista Records LLC v. Media Services LLC, 69 Fed. R. Serv. 3d 1623, 1623 (S.D. N.Y. 2008). However, there is no evidence that Plaintiff has made any attempts to serve Kovalchuk in Russia, nor has Plaintiff presented any reason to excuse its failure to do so. See Ambriz Trading Corp. v. Uralsib Fin. Corp., No. 11 Civ. 4420(SAS), 2011 WL 5844115 (S.D.

N.Y. Nov. 21, 2011) ("Plaintiffs should have made some attempt at actually serving [Russian] defendants, and, if that was ineffective, asked this Court to allow alternative means of service."). As the record stands, there is no suggestion that Kovalchuk has tried to evade service in Russia. Accordingly, the Motion for Alternate Service in connection with Kovalchuk is denied at this time, pending satisfactory documentation of any attempts to serve Kovalchuk in Russia either through Hague Convention protocols or through consultation with Russian counsel. See Owen v. Sports Gymnastics Fed'n of Russia, No. 1:12-cv-00034-NT, 2012 WL 346661, *2 (D. Me. Jan. 31, 2012) (requiring the plaintiff to provide the court with documentation that he has attempted more traditional service in Russia by consultation with Russian individuals knowledgeable in Russian law and that international agreements do not require the service documents to be translated into the official language of the foreign country).

    **ii.**    **Service on Extron**

    Extron is a Panamanian entity. See Motion for Alternate Service [D.E. 14 at 6]. Panama is a signatory to the Inter-American Service Convention. "For international service in Panama, parties must follow either: (1) the Inter–American Convention on Letters Rogatory and Additional Protocol, since Panama is not a signatory to the Hague Convention; (2) the law of Panama for service; or (3) another method set forth in Rule 4(f)(2)(C)." Jon D. Derrevere, P.A. v. Mirabella Found., No. 6:10–cv–925–Orl–28DAB, 2011 WL 1983352, at *2 (M.D. Fla. Apr. 26, 2011). Plaintiff has proffered a declaration from a process server that he attempted service on this defendant in Panama on June 18, 2012, but found that the office address was an empty building. See Motion for Alternate Service [D.E. 13 at 4]; Declaration of Process Server [D.E. 13-1 at ¶ 2].[4] Plaintiff, however, has not affirmatively showed that its proposed alternate method

---

[4] The declaration refers to Case No. 12-CV-60660, which is the case number for Cybernet Entertainment, LLC v. Kovalchuk, et. al, but references the case style as "Fraserside v. Kovalchuk." See Declaration of

of service on Extron is not prohibited by the Inter-American Service Convention.  Accordingly, the Motion for Alternate Service in connection with Extron is denied at this time pending a showing that alternate means are not contrary to the Inter-American Service Convention.  <u>See</u> Fed. R. Civ. P. 4(f)(3).

### C.  Motion for Enlargement of Time for Service

In its Show Cause Response, Plaintiff requests an additional ninety days in which to effectuate service.  In the instant case, an extension of time is appropriate in order for Plaintiff to comply with the instructions set forth in this Order.  Accordingly, a ninety-day extension is granted.

## IV. CONCLUSION

Based on the foregoing considerations, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion for Alternate Service [D.E. 14] and Motion for Enlargement of Time for Service [D.E. 15] are **DENIED AS MOOT** as to ERA Technologies.

2. The Motion for Alternate Service [D.E. 14] is **DENIED WITHOUT PREJUDICE** as to Kovalchuk and Extron in accordance with this Order.

3. The Motion for Enlargement of Time for Service [D.E. 15] is **GRANTED** as to Kovalchuk and Extron.  Within **ninety (90) days** from the date of this Order, Plaintiff shall serve Kovalchuk and Extron through the proper international protocols or, in the alternative, resubmit its Motion for Alternate Service certifying its attempts to effectuate service by conventional means and showing that its proposed method of alternate service fully complies with Federal Rule of Civil Procedure 4(f)(3).

---

Process Server [D.E. 13-1 at ¶ 2].  Thus, it is not clear whether service in Panama was attempted for this case or the companion case.  For purposes of the Motion for Alternate Service, however, this discrepancy is not significant.

DONE AND ORDERED in Chambers at Miami, Florida, this *12th* day of February, 2013.


ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


cc:    United States District Court Judge Robert N. Scola, Jr.
       Counsel of Record